IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PARS TEKSTIL SANAYI TIC, A.S,
                Plaintiff,

v.

DYNASTY DESIGNS, INC.,
                Defendant.

Civ. No. 08-1147

**MEMORANDUM ORDER**

      Presently before the court is plaintiff Pars Tekstil Sanayi Ve Tic's motion for entry of a default judgment (Docket No. 7). That motion is ripe for disposition.

      A district court may not enter a default judgment unless it is satisfied that it has personal jurisdiction over the defendant. *Dennis Garberg & Assocs. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 772 (10th Cir. 1997) ("[A] district court must determine whether it has jurisdiction over the defendant before entering judgment by default against a party who has not appeared in the case."). A prerequisite to the court's acquiring personal jurisdiction over the defendant is the proper service on the defendant of the summons and complaint. *Grand Entmn't Group, Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 492 (3d Cir. 1993) ("Proper service is still a prerequisite to personal jurisdiction.").

      Plaintiff has submitted to the court a return of service form filled out by process server Michael Gallagher. On that form, Gallagher states that "[d]ocuments were dropped served upon an individual for Dynasty Designs, Inc. at 211 Rock Hill Road, Bala Cynwyd, PA 19004." Docket No. 4. As an initial matter, the court is unclear what Gallagher means in stating that the documents were "dropped served." Perhaps this is a typographical error, but, unfortunately for plaintiff, it is one that leaves the court without a means of understanding how process was served.

      The defendant is alleged to be a Pennsylvania corporation. Compl. ¶ 2. Under Rule 4(h)(1) of the Federal Rules of Civil Procedure, which regulates service upon a corporation within a judicial district of the United States, service may be effected:

    (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
    (B) by delivering a copy of the summons and of the complaint to an officer,

>managing or general agent, or any other agent authorized by appointment or by law to receive service of and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant.

Fed. R. Civ. P. 4(h)(1).

Rule 4(h)(1)(A) directs the court to Rule 4(e)(1), which provides that a person may be served by "following state law for serving a summons in an action brought in the courts of general jurisdiction in the state where the district court is located or where service is made."  Since Pennsylvania is the state in which service was made and in which this court is located, the court must look to the Pennsylvania Rules of Civil Procedure to determine whether plaintiff properly served the summons and complaint under Pennsylvania law.  Pennsylvania Rule of Civil Procedure 424 provides:

>Service of original process upon a corporation or similar entity shall be made by handing a copy to any of the following persons provided the person served is not a plaintiff in the action:
>>(1) an executive officer, partner or trustee of the corporation or similar entity, or
>>(2) the manager, clerk or other person for the time being in charge of any regular place of business or activity of the corporation or similar entity, or
>>(3) an agent authorized by the corporation or similar entity in writing to receive service of process for it.

Pa. R. Civ. P. 424.

Even assuming that the return of service form demonstrates that someone was personally served with the summons and complaint in this case, the court cannot regard Pennsylvania Rule 424 as satisfied, since the form does not claim that the individual upon whom process was served qualified as an appropriate person under the rule.  Moreover, the form does not give the individual's name, so no further inquiry into the individual's relationship to defendant can be made at this time.

For similar reasons, the court cannot find that service was proper under Federal Rule 4(h)(1)(B).  The form submitted does not claim that the person served was "an officer, managing or general agent, or any other agent authorized by appointment or by law to receive service," *see* Fed. R. Civ. P. 4(h)(1)(B), nor does the form identify the individual so that some other inquiry into that individual's relationship to defendant can be made.

Because the court cannot conclude that service was proper, it cannot assert personal jurisdiction over the defendant, and thus cannot enter a default judgment.  Plaintiff's motion for a default judgment will be denied without prejudice.  In light of the paucity of information on the return of service form, and the confusing nature of the explanation contained thereon, the court has grave doubts that service was proper in this case.  Nevertheless, the court will deny plaintiff's motion without prejudice.  Plaintiff is

admonished that the court will only entertain a renewed motion for a default judgment if plaintiff can submit evidence identifying (1) the individual served and (2) her relationship to the defendant. If plaintiff renews the motion, the court will conduct an evidentiary hearing to ensure the credibility of such evidence.

* * * * *

AND NOW, this 13th day of August, 2008, plaintiff's motion for a default judgment (Docket No. 7) is DENIED without prejudice.

BY THE COURT:

/s/ Louis H. Pollak
_____
Pollak, J.